**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**March 27, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10114
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL McGRATH,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:01-CR-183-1)

_____

Before JOLLY, HIGGINBOTHAM, and MAGILL[*], Circuit Judges.

PER CURIAM:[**]

We agree with the district court that the decision of the police officers to "knock and talk" was reasonable on these facts. The officers did not smell the odor produced by the manufacture of methamphetamines, nor see the two anhydrous ammonia tanks on the porch until they had exited their unmarked car and were approaching

_____

[*] Circuit Judge of the Eighth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the front door of the house.  While this confirmed the informant's tip and made plain that the officers had probable cause to search, they were at this point committed to the course which followed.  No warrant is required to "knock and talk."  At the same time, police officers who possess probable cause cannot avoid their obligation to obtain a warrant by creating exigent circumstances.  While this is a close case, we are not prepared to say that the district court was in error.

AFFIRMED.